# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CELIA ANDRIELLO,
and others similarly situated,

      Plaintiffs,

v.                                CASE NO. 6:09-CV-208-Orl-36GJK

CFI SALES & MARKETING, INC.,
CENTRAL FLORIDA INVESTMENTS, INC.,
and WESTGATE RESORTS, INC.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Gregory J. Kelly, filed on January 4, 2012 (Doc. 340).  In the Report and Recommendation, Magistrate Judge Kelly recommends that Plaintiff Celia Andriello et al.'s ("Plaintiffs") Motion for Attorneys' Fees and Costs (Doc. 329) be granted in part and denied in part.  *See* Doc. 340. Specifically, the Magistrate recommends that the Court award Plaintiffs $14,487.15 in attorneys' fees and $3,496.50 in costs, totaling $17,983.65.  *Id.*  Plaintiffs filed Objections to the Magistrate's Report and Recommendation (Doc. 344).  Defendants CFI Sales & Marketing, Inc., Central Florida Investments, Inc., and Westgate Resorts, Inc. (collectively, "Defendants") responded to Plaintiffs' Objections (Doc. 347).

## BACKGROUND

On September 3, 2009, Plaintiffs filed a collective action complaint for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") (Doc. 1).  In total,158 persons joined the

action as opt-in plaintiffs.  Docs. 8-10, 16, 20-21, 32, 46, 51-52, 110, 166, 187-88, 192, 194, 197, 199-200.  Of the 158 opt-in plaintiffs, 90 either voluntarily withdrew their consent to join in this action or were involuntarily dismissed for failing to prosecute or abide by the Court's Scheduling Order, leaving 68 remaining plaintiffs.  *See* Docs 15, 28, 30, 34, 39, 168-169, 179, 209, 224, 271-272, 281, 291-292, 295, 300, 322.  On September 13, 2011, the Court entered an Order approving Plaintiffs and Defendants' Joint Motion to Approve Settlement Agreement.  *See* Doc. 328.  The Settlement Agreement resolved all claims of the 68 remaining plaintiffs.  *Id.*  Plaintiffs then filed a Motion for Attorneys' Fees and Costs, requesting $48,290.50 in attorneys' fees and $15,814.34 in costs, totaling $64,104.84 (Doc. 329).  Defendants filed a Response in opposition to Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 334).  In Defendants' Response, they request that Plaintiffs' Motion for Attorneys' Fees and Costs be denied, in whole or in part.  *Id.*  Plaintiffs filed a Reply to Defendants' Response (Doc. 339).

## STANDARD

A Magistrate Judge has the authority to make reports and recommendations to the District Court on post-judgment matters, such as fee and costs petitions.  *See* 28 U.S.C. § 636(b)(1).  When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues.  28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990).  The party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  *Baby Buddies, Inc. v. Toys R Us, Inc.*, 2011 WL 4382285 at *1 (M.D.Fla. Sep. 20, 2011) (quoting *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 783 (11th Cir. 2006)).

"It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)).   The District Judge may accept, reject, or modify in whole or in part, the report and recommendation of the Magistrate Judge.   The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.   *Id.*

<u>**ANALYSIS**</u>

Plaintiffs raise three objections to the Magistrate's Report and Recommendation: (1) costs should have been awarded because they were reasonably required for furtherance of the litigation; (2) under a lodestar analysis, the opt-in plaintiffs who were dismissed or otherwise did not survive to the completion of the case should not affect the fees awarded for those opt-in plaintiffs who did remain, especially where fees were already removed; and (3) outcome measured by arbitrary percentages fails to account for extrinsic intangible factors that should be considered, such as collectability and the best interests of the clients.   *See* Doc. 344.   Each of these objections will be considered in turn.

**I.      Costs**

The Magistrate found that all costs requested by Plaintiffs were recoverable under 28 U.S.C. § 1920, except for those costs related to: (1) mailings; (2) miscellaneous scanning related to "client documents;" and (3) miscellaneous printing.   *See* Doc. 340, p. 17.   With regard to the mailings, the Magistrate determined that costs associated with mailing, such as postage, were not recoverable under § 1920.   *See Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir. 1996) (finding a number of costs, including postage were "clearly nonrecoverable" under § 1920).   *Id.*   Additionally, the

Magistrate concluded that the costs related to the miscellaneous printing and scanning were "too vague to be compensable under § 1920." *Id.*

In the Objections to the Report and Recommendation, Plaintiffs argue that all costs, including those related to mailings, scanning and printing, were necessary. Plaintiffs also provided an attachment, including a spread sheet, detailing additional costs. *See* Doc. 344, Ex. A. Regarding costs, 28 U.S.C. § 1920 provides that the Court may tax the following:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As the Court found in *Duckworth*, costs associated with mailings are clearly unrecoverable under § 1920. Therefore, the Court agrees with the Magistrate that $3,597.69 from mailings should be excluded from Plaintiffs' award of costs. With regard to costs related to miscellaneous printing and scanning, the Court agrees with the Magistrate that Plaintiffs' initial Motion for Award of Attorney's Fees (Doc. 329) was too vague to be compensable under § 1920. However, attached to Plaintiffs' Objections is a spreadsheet providing a more detailed list of costs, including an in-depth explanation of the aforementioned scanning and printing costs. *See* Doc. 344, Ex. A.

Defendants request the Court decline to award Plaintiffs these costs because Plaintiffs have failed to claim them with the requisite specificity earlier in the course of litigation. *See* Doc. 347, p. 10. Additionally, Defendants argue that Plaintiffs are in violation of 28 U.S.C. § 1924, because no affidavit or declaration attesting to the accuracy of the costs or that they were necessarily incurred

in the case was attached to Plaintiffs' more detailed list of costs.  *Id*. at 11.  Clearly, the Court has

the discretion to award costs pursuant to § 1920.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 440-44 (1987).  Moreover, the Court may receive further evidence and documentation in

considering a Report and Recommendation.  *See Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 784

(11th Cir. 2006).  Accordingly, there is nothing improper about the Court considering Plaintiffs'

more detailed list of costs at this stage of the litigation.  Additionally, Plaintiffs attached the

Affidavit of L. Todd Budgen, Esq. to the initial Motion for Award of Attorney's Fees.  *See* Doc. 329,

Ex. A.  Therefore, the accuracy of Plaintiffs' costs has already been attested to.  Plaintiffs'

subsequent filing of a more specific detailed document does not change this fact.  Upon

consideration of Plaintiffs' additional documentation, the Court finds Plaintiffs' costs related to

printing and scanning sufficiently specific to be compensable under §1920 (4).  The Court will

award Plaintiffs  $5,341.25 in costs related to scanning and $2,285.50 in costs related to printing,

for a total cost award of $7,626.75

## II.  Fees

The Magistrate determined that an across-the-board cut in the total number of billable hours

was inappropriate, as there had been no showing that Plaintiffs' claims for any particular task or as

a whole was excessive in an way.  *See* Doc. 340, p. 14.  However, the Magistrate found that a 70%

after-the-fact reduction in the lodestar was appropriate after considering the policies behind FLSA

and the facts of the case, including time entries which should have been excluded and the results

obtained.  With regard to the time entries, the Magistrate concluded that although Plaintiffs

attempted to remove the "majority" of time entries related to unsuccessful opt-in plaintiffs, Plaintiffs

did not explain or demonstrate the methodology used to do so.  *Id*. at 340.  With regard to the results

obtained, the Magistrate found that Plaintiffs achieved "very limited success" in this case. *Id.* at 11-16. *See Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379 at *11-12 (S.D.Fla. Sep. 30, 2011) (" . . . the Court may apply an after-the-fact reduction of the lodestar where the Plaintiffs achieved only partial or limited success, and this is true 'even where the Plaintiffs' claims are interrelated, non-frivolous and raised in good faith.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)). In making this finding, the Magistrate relied upon *Hensley v. Eckerhart*, where the Supreme Court found that the degree of success achieved is a "crucial factor" that district courts should consider carefully in determining the amount of fees to be awarded. *Hensley*, 461 U.S. at 440. In support of this, the Magistrate points out that only 68 opt-in plaintiffs' claims were ultimately resolved by the Settlement Agreement, meaning only 43% of the original opt-in plaintiffs can be said to have prevailed upon their claims. Additionally, the ultimate recovery of the opt-in plaintiffs constituted only 3% of the damages claimed.[1]

In Plaintiffs' Objections to the Report and Recommendation, Plaintiffs argue that under a lodestar analysis, the outcome of those not before the Court should not be a factor when measuring the outcome of those who remain before it. *See* Doc. 344. In other words, Plaintiffs object to being required to remove fees for parties who were not part of the Settlement Agreement while the Court further discounts fees based on those parties who withdrew or were dismissed. *Id.* Plaintiffs assert that "[e]very effort was made to remove entries for persons who did not ultimately prevail" and that some time is "simply indivisible." *Id.* at 3. Additionally, in Plaintiffs' Objections to the Report and

---

[1]The 68 members of the class who actually recovered money from Defendants originally sought $1,257,030.10 in damages. *See* Docs. 19, 26, 29, 31, 33, 35, 37, 50, 53, 191, 193, 195-96, 198, 202-204, 213, 215, 217, 219-220, 274. Therefore, the plaintiffs ultimately recovered $41,891.42 or roughly 3% of the amount of damages they originally requested.

Recommendation, Plaintiffs argue that the Magistrate's characterization of the nature of Plaintiffs' success in this case fails to account for extrinsic intangible factors such as collectability and the best interests of the clients. *See* Doc. 344, p. 2. Specifically, Plaintiffs assert that "success" should be viewed in light of the fact that the monetary award was secured ahead of hundreds of other litigants where insolvency of Defendants was an issue. *Id*. at 5. Plaintiffs state that, "[b]eing able to provide checks, not judgments, to clients where over a thousand litigants stand in front of them to collect, has significant value that should not be arbitrarily discounted when weighing the outcome." *Id*.

Plaintiffs mischaracterize the Magistrate's actions in stating, "after [Plaintiffs] eliminat[ed] fees for parties no longer in the case" the Magistrate "simultaneously discount[ed] fees for those who remained in the case as a component of those parties no longer in the case." *See* Doc. 344, p. 4. Plaintiffs wisely eliminated fees for parties who were no longer in the case because fees are clearly not recoverable for those persons. *See* 29 U.S.C. § 216(b); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1984) ("Section 216 provides for an award of attorney's fees . . . to the *prevailing* plaintiff in FLSA cases.") (emphasis added). Moreover, the Magistrate did not discount the fee award simply based on those parties who withdrew or were dismissed. Plaintiffs readily admit that although every effort was made to remove entries for persons who ultimately did not prevail, some of this time is indivisible and still remains. *See* Doc. 344, p.3. Though this serves as an independent ground for the Magistrate's reduction, it is not the primary justification for the reduction. The Magistrate reduced the lodestar by 70% in large part because of the "very limited results" that Plaintiffs achieved. As the Magistrate noted, Plaintiffs prevailed in less than half of the original claims for just 3% of the damages sought.

The Magistrate cited other FLSA cases where courts have significantly reduced the lodestar based upon the limited results obtained.  *See Brandt*, 2011 WL 4625379 at \*12-13 (70% reduction of the lodestar); *Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1313, 1326 (M.D.Fla. 2001) (67% reduction of the lodestar); *Gary v. Health Care Services, Inc.*, 744 F.Supp. 277, 278-279 (M.D.Ga. 1990) (60% reduction of the lodestar).  Plaintiffs attempt to distinguish these cases by arguing that "each of the cited cases stands for the proposition that fees were reduced where either the plaintiff's counsel did not properly value the claims or they did not properly counsel their client."  *See* Doc. 344, p. 10.  Having settled for 3% of the amount of damages originally requested, it is difficult to understand why Plaintiffs believe the claims were properly valued initially.  Additionally, a consideration of extrinsic intangible factors such as collectability and the best interests of the clients do not affect the Magistrate's characterization of Plaintiffs' success.  The Court fails to see how considerations of these extrinsic intangible factors undermine the Magistrate's independent grounds for reducing the lodestar.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.     The Report and Recommendation of the Magistrate Judge (Doc. 340) is adopted, confirmed, and approved to the extent it recommends an award to Plaintiffs of $14,487.15 in attorneys' fees.   However, upon receipt of supplemental documentation, the Court will award additional costs for scanning and printing to Plaintiffs.

2.     Plaintiff Celia Andriello et al.'s Motion for Attorneys' Fees and Costs (Doc. 329) is **GRANTED in part** and **DENIED in part**.  Plaintiffs are awarded attorneys' fees in the amount of $14,487.15.   Plaintiffs are awarded costs in the amount of

$11,123.25, representing  $3,496.50, as recommended by the Magistrate,  plus $7,626.75, based upon Plaintiffs' supplemental documentation.

3.     The Clerk is directed  to enter judgment in favor of Plaintiffs as to attorneys' fees and costs in the total amount of $25,610.40.

4.     The Clerk is further directed to close this case.

**DONE AND ORDERED** at Orlando, Florida on August 10, 2012.

Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD